
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–16–428

| | |
|---|---|
| TEAIRA WILLIAMS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered December 14, 2016<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. CR–2013-217]<br><br>HONORABLE CINDY THYER, JUDGE<br><br>AFFIRMED |

**BRANDON J. HARRISON, Judge**

Teaira Williams appeals the revocation of her probation, arguing that the circuit court erred in denying her motion for continuance and in finding that she willfully failed to pay as ordered. We affirm.

In April 2013, Williams pled guilty to theft of property and was sentenced to five years' probation. Among the conditions of her probation were that she not commit any criminal offense punishable by imprisonment; not possess a firearm or other deadly weapon; report to her probation officer; notify her probation officer of any change of address; and pay $35 per month in supervision fees, $4573.33 in restitution, and $756 in fines and costs. Williams was ordered to pay $100 per month toward these amounts beginning in May 2013.

SLIP OPINION

In December 2013, the State filed a petition to revoke Williams's probation, alleging that she had violated the conditions of her probation by committing the crime of aggravated assault and possessing a handgun. Between December 2013 and June 2015, the circuit court granted thirteen continuances at Williams's request. The revocation petition was amended in August 2015 to include an allegation that Williams had committed the offense of criminal mischief. Also in August 2015, Williams requested and received her fourteenth continuance.

In December 2015, the petition was again amended to include allegations that Williams had failed to report, changed her residence without proper notification, and failed to pay fines. The circuit court granted two more continuances at Williams's request, in December 2015 and January 2016, and set the revocation hearing for 1 February 2016.

When the hearing began, Williams requested a continuance because she had been unable to compel the attendance of a witness for her defense. This witness, she argued, would provide testimony relevant to the aggravated-assault allegation. After noting that over two years had passed since the filing of the petition to revoke and that several continuances had already been granted to secure the presence of that particular witness, the circuit court denied the request, finding that "there have been ample opportunities for her to be here and she has not come."

The State proceeded with its case in chief, and Tammy Hubble, a staff accountant with the Craighead County Sheriff's Office, testified that Williams had made six payments since 2013 and that a balance of $4949.33 remained. Keith Ming, Williams's probation

officer, testified that Williams was supposed to report monthly but that she had not reported to him since July 2015. Several witnesses testified to an incident in July 2013 in which Williams had argued with and threatened some other women with a gun. Chancellon McMillion, the father of Williams's two children, testified that Williams had vandalized his car in April 2015 by smashing his windshield with a paint bucket. And finally, Detective Jason Simpkins with the Jonesboro Police Department testified that he had investigated the criminal-mischief allegation involving McMillion's car and that Williams admitted to him that she had damaged the car.

Williams's sister and mother both testified that she did not have a gun at the time of the July 2013 incident. Williams testified that she had held several jobs since 2013 and that she was currently working as a waitress. Williams admitted that she had argued with some other women but denied having a gun or pointing a gun at them. She did admit to damaging McMillion's car with the paint bucket. She also explained that she had not seen her probation officer since July 2015 because she was stressed out all the time and had "got to the point where [she] want[ed] to just give up on everything." She also admitted that "some" of her failure to pay was her fault.

The circuit court found that Williams had violated her probation by failing to pay as ordered, failing to report to her probation officer, and committing criminal mischief when she damaged McMillion's vehicle. She was sentenced to 120 days' jail time and thirty-nine months' probation. This appeal followed.

Williams first argues that the circuit court erred in not granting her a continuance. She acknowledges that there had been "several" continuances previously granted but

SLIP OPINION

nevertheless argues that the circuit court should have granted a seventeenth so she could get her witness. A circuit court shall grant a motion for continuance only upon a showing of good cause and only for so long as is necessary. *Thomas v. State*, 370 Ark. 70, 257 S.W.3d 92 (2007). The grant or denial of a motion for continuance is within the sound discretion of the circuit court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *Id.* When a motion is based on a lack of time to prepare, we will consider the totality of the circumstances; prejudice from denial of the continuance must be shown, and the burden of showing prejudice is on the appellant. *Id.*

Williams was granted sixteen continuances prior to this revocation hearing, and the circuit court did not abuse its discretion in denying a seventeenth continuance. She had ample opportunity to secure any witness testimony she deemed necessary. In addition, Williams can show no prejudice from the denial of her continuance, as the absent witness's testimony was not related to any of the bases for revocation found by the circuit court.

For her second point on appeal, Williams asserts that the circuit court erred in finding that she willfully failed to pay as ordered. To prevail on a petition to revoke, the State must prove by a preponderance of the evidence that the defendant inexcusably violated at least one condition of his or her probation. Ark. Code Ann. § 16-93-308(d) (Repl. 2016); *Coupey v. State*, 2013 Ark. App. 446. We will reverse an order of revocation only if the circuit court's findings are clearly against the preponderance of the

evidence, and we defer to the circuit court's superior opportunity to assess witness credibility in determining where the preponderance of the evidence lies. *Coupey*, *supra*.

We need not reach the merits of Williams's argument on this point because she has failed to challenge the other two bases for the revocation: failing to report to her probation officer and committing criminal mischief when she damaged McMillion's vehicle. When the circuit court makes its decision based on multiple independent grounds, and the appellant fails to attack any independent, alternative bases, the appellate court will affirm. *Barber v. State*, 2014 Ark. App. 311. So, we affirm without addressing the merits of Williams's argument.

Affirmed.

GLADWIN, C.J., and VAUGHT, J., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.

SLIP OPINION