RAYMOND R. ABRAMSON, Judge
Tabitha Young appeals the Craighead County Circuit Court order revoking her probation. On appeal, Young argues there was insufficient evidence to support the circuit court's finding that she violated the terms and conditions of her probation. We affirm.
On November 26, 2014, Young pled guilty to financial identity fraud and theft of property. The court sentenced her to 60 months' suspended imposition of sentence for financial identity fraud and 60 months' probation for theft of property. The terms and conditions of her suspended sentence and her probation included that she not commit a criminal offense punishable by imprisonment, report as directed to a supervising officer, and pay restitution and court costs.
On May 23, 2016, the State filed a petition to revoke, and on December 12, 2017, the State amended its petition. In the amended petition, the State alleged that Young had violated the terms and conditions of her probation and her suspended sentence by (1) failing to live a law-abiding life by committing violations of the Arkansas Hot Check Law and by committing theft of property, (2) failing to report to her probation officer and absconding, and (3) failing to pay restitution and court costs. The court held a hearing on the petition.
At the hearing, Keith Ming, a probation officer for Craighead County, testified that Young had failed to report to him for almost a year. The State also introduced a payment ledger showing that Young had made no payments toward restitution or court costs. The State further introduced a group of checks that Young had issued on a closed account without sufficient funds.
At the conclusion of the hearing, the court revoked Young's probation for failing to report, failing to pay restitution and court costs, and engaging in criminal activity. The court sentenced her to 60 months' probation. Young timely appealed the revocation. On appeal, Young argues that there is insufficient evidence to support the revocation because the State failed to prove that her failure to report and her failure to make payments was inexcusable and willful.
In a revocation proceeding, the State must prove its case by a preponderance of the evidence, and on appellate review, we do not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. Williams v. State , 2015 Ark. App. 245, 459 S.W.3d 814. When a circuit court *601 bases its decision on multiple, independent grounds and an appellant challenges only one of those grounds on appeal, we can affirm without addressing the merits of the argument. Bedford v. State , 2014 Ark. App. 239, 2014 WL 1663033.
Here, the circuit court based its decision to revoke Young's probation on three independent grounds-that she failed to report to her probation officer, she failed to pay restitution and costs, and she engaged in criminal activity. On appeal, Young challenges only the findings that she failed to report and failed to pay. Because Young failed to challenge the circuit court's alternative ground for revocation on appeal, we must affirm the circuit court's revocation.[1]
Affirmed.
Harrison and Brown, JJ., agree.

In her brief, Young acknowledges that the circuit court revoked her probation on three grounds.