Cite as 2019 Ark. App. 362

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-18-1049

| | |
|---|---|
| BRANDON MICHAEL CLARK | **Opinion Delivered:** September 11, 2019 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NOS. 04CR–17–1369 & 04CR–16–2161] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE BRAD KARREN, JUDGE |
| | AFFIRMED |

**RITA W. GRUBER, Chief Judge**

Appellant Brandon Michael Clark appeals from an order revoking his probationary sentences and sentencing him to an aggregate of twenty years' imprisonment, followed by two years' suspended imposition of sentence. On appeal, he argues that the evidence is insufficient to support the revocation and that the sentences imposed by the circuit court were so unduly harsh that the sentences constituted an abuse of discretion. We affirm.

On April 25, 2017, appellant entered a negotiated guilty plea to aggravated assault on a family member and first-degree terroristic threatening in case No. 2016-2161, both Class D felonies. The victim of the offenses was appellant's mother, Linda Kellems. Appellant was sentenced to four years' probation for each offense, and numerous other charges were nolle prossed. He was ordered to pay court costs and fines, as well as abide by

the conditions of probation. In addition, a no-contact order with his mother was modified to a no-violence order.

The State filed a petition to revoke his probation on May 3, 2018, alleging that appellant committed the offense of aggravated assault of a family member on July 18, 2017. On May 3, 2018, appellant entered a negotiated plea of guilty to second-degree domestic battery and aggravated assault of a family member in case No. 2017-1369, Class D and C felonies respectively. He was sentenced to six years' probation for each offense. In addition, appellant entered a negotiated guilty plea in the revocation case, and the court extended his probation by two years for both offenses in case No. 2016-2161. The sentencing order entered May 9, 2018, included a condition that appellant have no contact with Linda Kellems.

On July 31, 2018, the State filed a petition to revoke appellant's probation in cases Nos. 2016-2161 and 2017-1369, alleging that he violated the conditions of his probation. Specifically the State alleged that appellant (1) failed to report to his supervising officer after being released from incarceration; (2) left the state without permission of his supervising officer; (3) failed to pay fines, fees, and costs as ordered by the court; (4) failed to report changes of residence to his supervising officer; (5) committed the offense of third-degree domestic battery on or about July 29, 2018; (6) violated the no-contact order on or about July 30, 2018; and (7) consumed alcoholic beverages on or about July 29, 2018.

A revocation hearing took place on September 11, 2018. Matthew Jenkins, appellant's probation officer, testified that appellant failed to report after being released from incarceration, traveled outside the state without permission, failed to report his change of

2

address, violated the no-contact order, and consumed alcoholic beverages. Bella Vista police officer Cole Byers testified that he reported to an incident at Linda Kellems's home on July 29, 2018, where appellant was present and appeared to be intoxicated. The State also introduced surveillance videos from Kellems's neighbor, which showed appellant at Kellems's home on July 29.

Appellant testified at the hearing and admitted that he failed to report to his probation officer after his release from incarceration, failed to report his change of residence, and consumed alcohol. While he also admitted traveling across the state line, not paying fines and fees, and violating the no-contact order, he claimed that the violations were excusable. He explained that his probation officer told him he could travel across the state line for work, gas, and groceries, that he was going to assist his mother, and that the 120-day grace period for paying the fines had yet to expire.

Following the hearing, the court found that the State had met its burden of proof on all counts except the failure to pay fines. In addition, the court granted the State's motion to dismiss count five—the third-degree domestic-battery allegation. The sentencing order entered on September 18, 2018, reflects that appellant was sentenced to ten years' imprisonment for second-degree domestic battery and six years' imprisonment for aggravated assault on a family member in case No. 2017-1369, as well as four years' imprisonment to be followed by two years' SIS for aggravated assault of a family member and six years' SIS for first-degree terroristic threatening in case No. 2016-2161. Appellant filed a timely notice of appeal on October 3, 2018.

## I. *Sufficiency of the Evidence*

To revoke probation, the State must prove the violation of at least one condition of the probation by a preponderance of the evidence. *Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004). A circuit court may revoke probation if it finds, by a preponderance of the evidence, that the defendant inexcusably failed to comply with a single condition of his or her probation. *See* Ark. Code Ann. § 16-93-308(d) (Supp. 2017). On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Young v. State*, 2018 Ark. App. 517, at 2–3, 563 S.W.3d 599, 600–01.

In his first point on appeal, appellant contends that "the trial court erred in entering a finding of true to counts 1, 2, 4, and 7 of the petition for revocation of suspension or probation." Specifically, he contends that that there was insufficient evidence that he was provided with explicit written conditions of his probation and that any violation of the no-contact order was excusable.

Appellant argues that because the sentencing order introduced by the State did not contain any written conditions other than to have no contact with Ms. Kellems, there was insufficient evidence that conditions were imposed, and thus the circuit court could not revoke on the basis of those conditions. This court has held, specifically with regard to revocation proceedings, that an argument that the State failed to introduce a copy of the terms and conditions of a suspended or probationary sentence is a procedural objection that must be raised before the circuit court. *Myers v. State*, 2014 Ark. App. 720, at 3, 451 S.W.3d 588, 590. Appellant did not raise this objection below, and thus it is not preserved for appeal. Additionally, appellant admitted violating several of his rules of probation.

4

However, appellant contends that violating the condition not to leave the state by driving over the state line to purchase groceries and gas for his business and violating the no-contact order were excusable violations. We need not reach the merits of appellant's arguments challenging the sufficiency of the evidence regarding these violations because he has failed to challenge the other bases for the revocation: failing to report to his probation officer upon release from incarceration, failing to report changes of residence, and consuming alcohol. When the circuit court bases its decision based on multiple independent grounds, and the appellant fails to attack any independent, alternative bases, the appellate court will affirm. *Williams v. State*, 2016 Ark. App. 601, at 5, 509 S.W.3d 677, 680.

Even considering appellant's argument, we find no merit. Appellant admitted violating the no-contact order but argues that his violation was excusable because his mother was in need of help. At an April 23, 2018 hearing, appellant changed his plea and entered a negotiated guilty plea in case No. 2017-1369. The following colloquy took place:

> THE COURT: Mr. Clark, you have not shown this court any confidence that you're not going to follow this court's orders not [to] contact your mother. You've done so repeatedly, in violation of this court's order, and I have very little confidence you're going to be able to do that.
>
> That being said, the State is agreeing to allow you to remain out and just hope among hope that you will follow this court's order. I want to make it perfectly clear to you that if you do anything to violate this court's order I will vacate your release status and you will sit in jail. Do you understand?
>
> [APPELLANT]: I do, Your Honor.
>
> THE COURT: Do you believe me when I tell you that?
>
> [APPELLANT]: I do.
>
> THE COURT: Do you have confidence that I will do that?

[APPELLANT]:  I do, Your Honor.

Appellant again acknowledged at the May 3, 2018 sentencing hearing in cases Nos. 2016-2161 and 2017-1369 that he understood he was to have no contact with his mother. The circuit court's finding that appellant willfully violated the no-contact order is not clearly against the preponderance of the evidence.

## II. *Sentence*

For his second point on appeal, appellant argues that the circuit court abused its discretion by sentencing him to twenty years' imprisonment followed by eight years' SIS. Although appellant recognizes that the sentences imposed were within the statutory range, he contends that the total sentence is unduly harsh and constitutes an abuse of discretion because the circuit court ordered the maximum sentences to run consecutively.

Sentencing in Arkansas is entirely a matter of statute, and no sentence shall be imposed other than as prescribed by statute. *Lenard v. State*, 2014 Ark. 478, at 3, 522 S.W.3d 118, 120. When the sentence given is within the maximum prescribed by law, the sentence is not illegal because the court has the authority to impose it. *Richie v. State*, 2009 Ark. 602, at 5, 357 S.W.3d 909, 912. This court has held that the circuit court has discretion to set punishment within the statutory range of punishment provided for a particular crime. *Whitmore v. State*, 2018 Ark. App. 44, at 5, 539 S.W.3d 596, 599. Moreover, our supreme court has held that it will not reduce a sentence, even if it considers it unduly harsh, if it falls within the legislative limits of the General Assembly. *Brown v. State*, 2010 Ark. 420, at 16, 378 S.W.3d 66, 75. If a sentence is within the limits set by the legislature, the appellate court is not at liberty to reduce it. *Williams v. State*, 320 Ark. 498, 898 S.W.2d 38 (1995).

It is apparent from the record that the judgment and sentence entered against appellant is lawful. When the circuit court revokes a defendant's probation, it may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A) (Supp. 2017). Appellant was placed on probation for four offenses: (1) Class C felony of second–degree domestic battery; (2) two counts of Class D felony aggravated assault on a family member; and (3) Class D felony terroristic threatening. *See* Ark. Code Ann. § 5-26-304; Ark. Code Ann. § 5-26-306(A)(3) (Repl. 2013); Ark. Code Ann. § 5-13-301 (Supp. 2017). A Class C felony carries a maximum sentence of ten years' imprisonment, and a Class D felony carries a maximum sentence of six years' imprisonment. *See* Ark. Code Ann. § 5-4-401(a)(4)−(5) (Repl. 2013)

Appellant was sentenced to the following: (1) ten years' imprisonment for second-degree domestic battery; (2) six years' imprisonment for one count of aggravated assault on a family member; (3) four years' imprisonment followed by two years' SIS for one count of aggravated assault on a family member; and (4) six years' SIS for first-degree terroristic threatening. The court ordered the sentences to run consecutively, except the six years' SIS for first-degree terroristic threatening, which was to run concurrent to the second-degree battery sentence. The sentences imposed by the circuit court were within the statutory range prescribed by law.

Further, the decision to sentence a defendant to concurrent or consecutive sentences for multiple convictions is governed by Ark. Code Ann. § 5-4-403(a) (Repl. 2013). It is well settled that it is within the discretion of the circuit court to decide whether a defendant's

7

sentences run concurrently or consecutively, and the appellant bears the heavy burden to establish that the circuit court abused or failed to exercise that discretion. *Throneberry v. State*, 2009 Ark. 507, at 7, 342 S.W.3d 269, 272.

Here, the circuit court had been repeatedly lenient with appellant and warned him of the potential consequences of violating the no-contact order. However, in spite of acknowledging his understanding to the circuit court as mentioned above, appellant continued to violate the no-contact order. The circuit court's exercise of discretion is evidenced by its comments to appellant at sentencing:

> Hopefully, your reign of terror on your mother will be done and maybe she can pass on peacefully these last few years without you there. That's the hope of this court. In violating the no-contact order, you did so at her risk for your own selfish benefits. It's done.

Based on the above principles, the circuit court did not abuse its discretion in imposing sentences that fell within the statutory range and ordering them to run consecutively. Therefore, we affirm.

Affirmed.

SWITZER and WHITEAKER, JJ., agree.

*Scholl Law Firm, P.L.L.C.*, by: *Scott A. Scholl*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.