Cite as 2021 Ark. App. 240

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-460

|  |  |
|---|---|
| DAVID DEWAYNE PRICE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** May 12, 2021<br><br>APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. 28CR-19-181]<br><br>HONORABLE BARBARA HALSEY, JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

Appellant David Dewayne Price appeals the Greene County jury verdicts sentencing him to an aggregate of eighty years' imprisonment in the Arkansas Department of Correction for four counts of rape. On appeal, Price makes three procedural arguments: (1) the State committed a discovery violation when it did not provide the appellant with the victim's juvenile record; (2) the circuit court erred when it excluded from evidence two Facebook posts made by the victim;[1] and (3) the circuit court erred when it denied Price's motion for mistrial for remarks made by the State in closing argument. We affirm.

Price does not challenge the sufficiency of the evidence, so a shortened account follows. At trial, the victim, SC, testified that in 2017, she was in the seventh grade when her uncle, Price, orally and anally raped her on four occasions. In 2019, SC got in trouble

---

[1]The State submitted a brief but did not address this point.

for taking a razor blade to school and was going to be sent to juvenile detention for a day as a result. Shortly before she went, she told a counselor that Price had raped her and that she had been cutting herself. As part of the investigation, SC called Price on a recorded line, and Price repeatedly apologized to her.

On appeal, Price first argues that the State committed a discovery violation when it did not provide him with SC's juvenile record. Evidence of a juvenile adjudication is generally not admissible under Rule 609; however, in criminal cases, the court may "allow evidence of a juvenile adjudication of a witness . . . if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence." Ark. R. Evid. 609(d).

Price contends that he needed access to SC's juvenile record to attack her credibility. This argument, however, is not preserved for appellate review because he never got a ruling on it. It is an appellant's obligation to obtain a ruling to preserve an issue for appellate review. *Oliver v. State*, 2018 Ark. App. 300, at 5–6, 550 S.W.3d 879, 882. Here, Price's counsel brought the issue up to the circuit court and arguments were made, but the court never made a dispositive ruling on the issue. After trial, Price timely moved for a new trial making the same assertions about prosecutorial discovery violations that he does now. This motion was filed on April 13, 2020, within three days of the last sentencing order entered, and Price's notice of appeal followed two days after that. The deemed-denied date on the motion for new trial ran on May 13, 2020; however, Price did not amend his notice of appeal within thirty days of that date to preserve his arguments from the denial of his motion

2

for new trial. Ark. R. App. P.–Crim. 2(b)(2) ("A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with subsection (a) of this rule.").

Price next argues that the circuit court erred when it sustained two of the State's objections to exhibits he sought to introduce. The State did not address this point in its brief. The exhibits were two Facebook posts made by the victim. Price argues the posts were improperly excluded under the rape-shield rule, Arkansas Rule of Evidence 411, which limits evidence of the victim's prior sexual conduct in order to "shield victims of rape or sexual abuse from the humiliation of having their personal conduct, unrelated to the charges pending, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt." *Mouton v. State*, 2018 Ark. 187, at 6, 547 S.W.3d 76, 80 (quoting *McCoy v. State*, 2010 Ark. 373, at 9, 370 S.W.3d 241, 247). However, the circuit court provided three grounds for sustaining the State's objection to the posts: they ran afoul of the rape-shield rule, they were not previously provided to the State in discovery and were an unfair surprise to the State, and they were not relevant. When two (or, in this case, three) alternative reasons are given for a decision and the appellant attacks only one, we must affirm. *Carter v. First Nat'l Bank of Crossett*, 2018 Ark. App. 341, at 12, 552 S.W.3d 40, 46; *cf. Young v. State*, 2018 Ark. App. 517, at 3, 563 S.W.3d 599, 600–01 ("When a circuit court bases its decision on multiple, independent grounds and an appellant challenges only one of those grounds on appeal, we can affirm without addressing the merits of the argument.").

Finally, Price contends the circuit court erred when it denied his motion for a mistrial due to a statement made by the State in closing arguments. Specifically, the prosecutor said, "[SC] cut herself and we know that cutting is consistent with sexual abuse among children." Price did not make a contemporaneous objection but instead waited until the State had finished its closing to bring the issue to the court's attention.

To be timely, an objection must be contemporaneous with the alleged error. *Smith v. State*, 330 Ark. 50, 53, 953 S.W.2d 870, 871 (1997). When an alleged error concerns a statement made by the State during argument, the defendant must make an immediate objection in order to preserve the allegation for appeal. *Id*. Absent a contemporaneous objection at trial, we will not review alleged errors in the State's closing arguments. *Lard v. State*, 2014 Ark. 1, at 26, 431 S.W.3d 249, 268. Consequently, Price's objection was not sufficiently contemporaneous with the alleged error, and the argument was not preserved. *See Reid v. State*, 2019 Ark. 363, at 7, 588 S.W.3d 725, 731, *cert. denied*, 141 S. Ct. 551 (2020).

Affirmed.

VIRDEN and BROWN, JJ., agree.

*The Troutt Law Firm*, by: *R. Scott Troutt*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.