Cite as 2021 Ark. App. 321

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-20-522

| | | |
|---|---|---|
| DERRICK QUIJADA | | **Opinion Delivered** September 8, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE LOGAN |
| V. | | COUNTY CIRCUIT COURT, |
| | | NORTHERN DISTRICT |
| STATE OF ARKANSAS | | [NO. 42PCR-18-234] |
| | APPELLEE | |
| | | HONORABLE JERRY RAMEY, JUDGE |
| | | AFFIRMED |

## RITA W. GRUBER, Judge

Appellant Derrick Quijada appeals from an order of the Logan County Circuit Court revoking his probation and sentencing him to seven years' imprisonment. For his sole argument on appeal, he contends that the circuit court erred in denying his motion for continuance in light of the ongoing COVID-19 pandemic. We affirm.

On March 4, 2019, appellant entered a negotiated plea of guilty to third-degree escape (Class C felony) and was sentenced to forty-eight months' probation and ordered to pay fines, fees, and costs to be paid in $50 monthly installments to begin within sixty days of his release from the county jail. A petition to revoke was filed on September 17, 2019, alleging that appellant had violated the terms and conditions of his probation by committing residential burglary on July 16, 2019; testing positive for illegal drugs on March 28, April 16, and August 12, 2019; associating with others engaging in criminal activity on July 16,

2019; failing to comply with an order to attend substance-abuse class; and failing to pay fines, costs, and fees as directed. The petition to revoke was amended on December 12, 2019, adding that appellant committed the offense of failure to appear on December 9, 2019.

On February 14, 2020, the court released the assigned public defender due to a conflict and substituted a new one, who was representing appellant in another case in Booneville. The court granted appellant a continuance from that date until March 13 on the ground that additional time was needed to prepare because of the substitution of counsel. The court directed appellant to "get with" his new attorney, indicating that appellant had the attorney's contact information due to an appointment in another pending case. On March 13, appellant's substituted counsel asked for a continuance on the basis of her recent appointment. The court granted the continuance until April 13 but noted that "it can't move them anymore" because the next date would be the "third setting." The court stated, "So you have got to be here, and you have got to be ready. If you have an agreement fine, but if not then it will be trial on that day; okay?" Appellant agreed, and the court told counsel that it was granting her the courtesy because she was helping out other lawyers and was "spread thin" as a result. The court told appellant again to stay in touch with his lawyer.

Following the April 13 hearing, the court continued the revocation until May 8 due to COVID-19 noting the per curiam of the Arkansas Supreme Court. *See In re Response to the COVID-19 Pandemic*, 2020 Ark. 125 (extending the previous suspension of in-person proceedings in Arkansas's courts to Friday, April 17, 2020). On May 8, the court again continued the case until June 15, also based on COVID-19. *See In re Response to COVID-*

*19 Pandemic*, 2020 Ark. 163 (per curiam) (extending the previous suspension of all in-person proceedings in Arkansas's courts through May 15, 2020).

At the June 15 revocation hearing, appellant's counsel informed the court that appellant "instructed" her to ask for a continuance. She stated that they had not had court in three months due to the coronavirus and needed more time to prepare. The court denied the request:

> This case started -- it looks like the arraignment was December 9, 2019. We have had court dates of February 14, 2020, March 13, 2020, April 13, 2020, May 8, 2020, and now, today. There has been plenty of time to be prepared. The virus in no way would prevent him to be talking to his attorney. He could call and do whatever he needed to do so that will be denied.

Counsel reminded the court that appellant was indigent and asserted that it is harder for an indigent defendant to speak to his lawyer. The court again denied the request. At the conclusion of the revocation hearing, the court elaborated on its earlier ruling noting that it had followed all the safety guidelines set by the supreme court regarding the pandemic. *In re Response to COVID-19 Pandemic*, 2020 Ark. 249 (per curiam).

The court revoked appellant's probation finding that he had violated multiple conditions thereof including committing an offense punishable by incarceration as a result of his failure to appear for court on December 9, 2019, and residential burglary; failing to make payments as directed; and failing to report to his probation officer. Appellant was sentenced to seven years' imprisonment and timely appealed from the June 15, 2020 sentencing order.

Appellant does not challenge the sufficiency of the evidence to support the revocation but instead argues only that the circuit court abused its discretion in denying his motion for continuance in light of the ongoing COVID-19 pandemic.

Rule 27.3 of the Arkansas Rules of Criminal procedure provides that the "court shall grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case." Ark. R. Crim. P. 27.3 (2020). The grant or denial of a motion for continuance is within the sound discretion of the circuit court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *Williams v. State*, 2016 Ark. App. 601, at 4, 509 S.W.3d 677, 679. The abuse–of–discretion standard is a high threshold and requires the appellant to make a showing that the circuit court acted improvidently, thoughtlessly, or without due consideration. *Staggs v. State*, 2021 Ark. App. 259, at 10. When a motion is based on a lack of time to prepare, we will consider the totality of the circumstances; prejudice from denial of the continuance must be shown, and the burden of showing prejudice is on the appellant. *Id*. A lack of diligence alone is a sufficient basis to deny a motion for continuance. *Id*.

Here, the motion for continuance was made orally at the beginning of the revocation hearing. Counsel stated that that appellant "instructed" her to ask for a continuance based on COVID-19, stating that they had not been in court for three months and needed more time to prepare. In denying the motion, the court noted that appellant was arraigned in December 2019 and had court dates in February, March, April, and May 2020 and stated

4

that there had been plenty of time to prepare. The court added that the virus would in no way have prevented appellant from talking to his attorney, indicating that he could "call and do whatever he needed to do[.]" At the conclusion of the hearing, the court further explained its general denial of the request based on the "Covid-19 issue," indicating that it had complied with the safety guidelines set by our supreme court in the per curiams related to the pandemic.

While appellant stated that there was not enough time to prepare, there was no explanation for this contention at the hearing. Rather, appellant now argues that he would not have had time to speak to counsel on the court dates noted by the circuit court. For example, appellant states that he could not have spoken to counsel at the December 9, 2019 plea and arraignment because he failed to appear due to confusion about court dates. Appellant also argues that the court erroneously relied on the February 14, 2020 date as a date to become prepared for trial because new counsel was substituted that date and was not present to confer. In regard to the March 13, 2020 date, appellant acknowledges he was granted a continuance over the State's objection. Appellant was warned, however, that an additional continuance would not be granted absent an agreement and instructed him to stay in touch with his lawyer.

Appellant also asserts that the circuit court attributed the April and May 2020 continuances to him when it mentioned them in its ruling and argues that the "court deliberately and consciously misled the defendant and counsel that there had been a possibility of going forward with appellant's case during those two dates[.]" However, the record suggests that the court used those dates to indicate how many previous continuances

there had been and how much time there had been to prepare. The orders entered on April 13 and May 8 clearly indicate that the case was continued at the direction of the court on the basis of the COVID-19 per curiam orders.

At the February hearing, the court stated that appellant already had his newly appointed attorney's contact information from another case and instructed him to "get with" his new attorney. The court warned at the March hearing that it would not grant another continuance absent an agreement and told appellant to stay in touch with his lawyer. Here, appellant waited until the day of trial to request a continuance. It is notable that the State had five witnesses present at the revocation hearing.

In addition, appellant has failed to demonstrate prejudice. He argues only that he could not meet in person with his counsel, and the circuit court relied on the suspension of in-person proceedings by the supreme court as a reason not to grant the continuance. After hearing all the testimony, the court revisited its ruling on the denial of the request for the motion for continuance based on COVID-19. The court clarified on the record how it was complying with the safety guidelines set out in the per curiam orders.

Here, appellant has failed to show how he was prejudiced. There was no indication that he was unable to speak to his attorney. If anything, there was more time to prepare because of the continuances granted by the court. And as the State points out, there is no showing that more time would have changed the outcome of the revocation. For the foregoing reasons, we cannot say that the circuit court abused its discretion in denying the motion for continuance.

Affirmed.

HARRISON, C.J., and MURPHY, J., agree.

*Beth Wright*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.