Cite as 2022 Ark. App. 168

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-21-453

| | |
|---|---|
| CANDY MARIE KING<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 13, 2022<br><br>APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NOS. 28CR-16-440 & 28CR-17-794]<br><br>HONORABLE RANDY F. PHILHOURS, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Candy King appeals the revocation of her suspended imposition of sentence (SIS) in case No. 28CR-16-440 for the underlying charge of possession of drug paraphernalia and in case No. 28CR-17-794 for the underlying charges of delivery of methamphetamine or cocaine, less than two grams. She was sentenced to two years' SIS in case No. 28CR-16-440, and she was sentenced to four years at a regional correction facility (RCF) in case No. 28CR-17-794. She argues on appeal that the circuit court erred in revoking her SIS based on a new drug-related charge because appellant's right to confront and cross-examine her accusers was unfairly inhibited when the circuit court allowed the report from the Arkansas Crime Laboratory into evidence over appellant's objection. We affirm.

Appellant pled guilty to possession of drug paraphernalia in case No. 28CR-16-440 and was sentenced to three years' supervised probation on May 26, 2017. The State filed a petition to revoke appellant's supervised probation on December 13, 2017, alleging appellant had violated the terms and conditions of her probation by committing a new drug-related offense. Appellant's probation was revoked, and she was sentenced to four years' incarceration with an additional two years' SIS on March 12, 2018. The State filed another petition to revoke on March 17, 2020, alleging that appellant had been arrested in February 2020 for possession of a controlled substance, careless and prohibited driving, and driving with a suspended or revoked license.

In case No. 28CR-17-794, appellant pled guilty to two counts of delivery of methamphetamine or cocaine, less than two grams. She was sentenced to five years' imprisonment with an additional five years' SIS. The State filed a petition to revoke appellant's SIS on May 12, 2021, based on appellant's February 2020 arrest.

Appellant's revocation hearing took place on May 14, 2021. Deputy Cody Lewis of the Greene County Sheriff's Office testified that he saw appellant's vehicle cross the center line three times as he was traveling behind her on Greene County Road 724. He stated that he initiated a traffic stop and had to subsequently detain appellant until another deputy arrived because she was being so irate. He testified that a probation search was performed on the vehicle. During the search of a purse located in the back seat, a white Johnson & Johnson container was found. Inside the container was a set of scales, a small baggie with

2

suspected methamphetamine, and several empty baggies. The purse matched the wallet in which appellant had her ID. Both appellant and her passenger were arrested.

Deputy Zakkery Crocker testified that he conducted a *Miranda* interview with appellant following the arrest. He said that appellant admitted the purse belonged to her and that she knew that drugs were in the purse. However, he stated that appellant denied ownership of the drugs. Deputy Crocker stated that the baggie tested positive for methamphetamine.

At that time, defense counsel objected to the introduction of the Arkansas State Crime Laboratory's report, stating, "I think that this document should be introduced by someone at the Crime Lab for the positive result." The State contended that the defense had not made the necessary filings to ensure that someone from the crime lab would be present. The circuit court admitted the report over appellant's objection, having found that appellant had failed to meet the ten-day notice requirement to have someone from the crime lab present. Deputy Crocker testified that the baggie contained 0.5 grams of methamphetamine.[1]

Both sides then rested. The State argued that the circuit court could also find appellant in violation by being in possession of the drug paraphernalia seized during the February 2020 arrest. The defense did not object to this.

---

[1]The Arkansas State Crime Laboratory report reflects that the methamphetamine weighed 0.3286 grams.

3

The circuit court subsequently found that appellant had violated the terms and conditions of her SIS by possessing drug paraphernalia and possessing methamphetamine. In the May 27, 2021 sentencing orders, appellant was sentenced to two years' SIS in case No. 28CR-16-440; she was sentenced to four years' incarceration in case No. 28CR-17-794.[2] Appellant filed timely notices of appeal on June 24.

A court may revoke a defendant's probation at any time prior to the expiration of the period of probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the SIS or probation.[3] The State has the burden of proving that a condition of the SIS or probation was violated.[4] The State need only show that the defendant committed one violation in order to sustain a revocation.[5] We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence.[6] We defer to the circuit court's superior position in determining the credibility of witnesses and the weight to be given to their testimony.[7]

---

[2]The sentencing order for case No. 28CR-17-794 was amended on June 3.

[3]Ark. Code Ann. § 16-93-308(d) (Supp. 2021).

[4]*Long v. State*, 2022 Ark. App. 69, 639 S.W.3d 894.

[5]*Id.*

[6]*Id.*

[7]*Id.*

4

On appeal, appellant argues that the circuit court erred by revoking her SIS because it improperly relied on the report from the crime lab without allowing appellant the opportunity to cross-examine someone about those results. The State contends, and we agree, that we should not reach the merits of this argument. The circuit court revoked appellant's SIS on two independent bases: possession of drug paraphernalia[8] and possession of methamphetamine. When the circuit court makes its decision based on multiple independent grounds, and the appellant fails to attack any independent, alternative bases, this court will affirm without addressing the merits.[9]

Affirmed.

GLADWIN and KLAPPENBACH, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[8]Although the possession of drug paraphernalia was not listed in the State's petition to revoke, appellant did not object when the State asked the circuit court to use the paraphernalia seized at the time of appellant's arrest as another basis for revocation. *See Wilder v. State*, 2021 Ark. App. 131.

[9]*See Williams v. State*, 2016 Ark. App. 601, 509 S.W.3d 677.