Cite as 2023 Ark. App. 375

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–22–767

|  |  |
|---|---|
|  | **Opinion Delivered** September 13, 2023 |
| DAMIAN DEMARCUS WILLIAMS<br>APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-22-56] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE L. WREN AUTREY, JUDGE |
|  | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Chief Judge

The Miller County Circuit Court found that Damian Demarcus Williams had violated the conditions of his probation and sentenced him to six years' imprisonment. Williams's attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to Ark. Sup. Ct. R. 4–3(b)(1) (2023) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit. The clerk of this court mailed a copy of counsel's motion and brief to Williams's last-known address informing him of his right to file pro se points for reversal, which he has done. Consequently, the attorney general has filed a brief in response. We grant counsel's motion to withdraw and affirm the conviction.

In January 2022, the State charged Williams with possession of a controlled substance (methamphetamine—less than two grams). Williams pled guilty to this charge and received a sentence of four years' probation.

Approximately one month after the circuit court entered the sentencing order, the State petitioned to revoke Williams's probation. The State based its petition on Williams's alleged failure to report to his supervising officer as directed and his alleged failure to permit his supervising officer to visit him at his home. The report of probation violation filed by Williams's probation officer explained that Williams appeared in court on 22 February 2022 and received his probationary sentence; that he was instructed to report to his supervising officer for intake on February 24 but did not report on that date; and that his supervising officer attempted a home visit at Williams's reported address on March 15, but the address did not exist. Williams appeared before the circuit court on May 19 and pled guilty to this probation violation, and the court sentenced him to sixty days in jail and reinstated his sentence of four years' probation.

In July 2022, the State again petitioned to revoke Williams's probation. The petition alleged that Williams had failed to report as directed, failed to pay court-ordered financial obligations as specified, and failed to pay his probation-supervision fee.

The circuit court convened a revocation hearing in October 2022, at which the State presented the following testimony. Kimberly Moore, an administrative specialist for the Arkansas Department of Corrections, testified that she explained to Williams at his May 19 hearing that he was required to report to his supervising officer within twenty-four hours of release from jail. She advised him that if he did not report, then a new warrant for his arrest would be issued.

Samantha Kennington, Williams's probation officer, testified that Williams had never reported to her office. In addition to not reporting in February 2022, which was the subject

2

of the previous revocation, Williams was released from jail on 24 June 2022, and he failed to report thereafter. Kennington also said that Williams currently owed $140 in supervision fees and $1,735 in fines.

After the State rested, defense counsel moved to dismiss the allegations in the revocation petition.[1] Counsel asserted that there had been no indication that Williams had the ability to fulfill his financial obligations and that because the State had not introduced the conditions of probation, it did not prove that Williams knew his probation conditions and when he was required to report. The court denied the motion.

Williams testified and stated that he had no excuse for not reporting after his release from jail on June 24: "That was completely on me." He also said that he had worked the past two weeks building fences and was paid in cash.

In written findings of fact, the circuit court found that Williams had acknowledged in his testimony that he knew to report and that he willfully failed to report as ordered. However, the court found there was insufficient evidence to sustain a finding of true as to the allegation that Williams had willfully failed to pay his financial obligations. The court found that Williams had violated the terms and conditions of his probation by not reporting to his probation officer and sentenced him to six years' imprisonment. Williams filed a timely notice of appeal from the circuit court's order.

A circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if the court finds by a preponderance of the evidence that the

---

[1]Although counsel framed his motion as one for directed verdict, because this was a bench trial, it was actually a motion to dismiss. *See* Ark. R. Civ. P. 50(a).

defendant has inexcusably failed to comply with a term or condition of the probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2023). The State has the burden of proving that a condition of probation has been violated. *Thompson v. State*, 2019 Ark. App. 421, 586 S.W.3d 682. The State need only show that the defendant committed one violation in order to sustain a revocation. *Id.* We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* We defer to the circuit court's superior position in determining the credibility of witnesses and the weight to be given to their testimony. *Id.*

Arkansas Supreme Court Rule 4-3(b)(1) requires the argument section of a no-merit brief to contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Vail v. State*, 2019 Ark. App. 8. The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

Counsel states that there were no objections at the revocation hearing and that the only rulings adverse to Williams were the denial of his motion to dismiss based on the State's failure to admit the probation conditions into evidence and the revocation of his probation

4

for failure to report to his probation officer.[2] Counsel also notes that defense counsel asserted below that the State's recommendation of a six-year sentence was "unconscionable."

Counsel argues that the circuit court based its finding of Williams's failure to report on the testimony presented at the hearing. Williams specifically testified that he had knowledge of his obligation to report and that he failed to do so. Thus, even in the absence of the written conditions of probation, the circuit court did not err in finding that Williams had failed to report to his probation officer, and the denial of Williams's motion to dismiss cannot provide a meritorious basis for reversal.

At the conclusion of the revocation hearing, Williams's counsel argued that it was a six-week time frame in which Williams had not reported and that the State's request for a six-year sentence for six weeks of nonreporting was excessive. On appeal, counsel explains that Williams was placed on probation for possession of a controlled substance, a Class D felony, and that the maximum sentence for a Class D felony is six years' imprisonment. The circuit court acted within its discretion in sentencing Williams to six years' imprisonment, and the appellate court will not reduce a sentence, even if it considers it unduly harsh, if it falls within the legislative limits of the General Assembly. *See Clark v. State*, 2019 Ark. App. 362, 584 S.W.3d 680 (noting that if a sentence is within the limits set by the legislature, the appellate court is not at liberty to reduce it). Therefore, Williams's sentence does not provide a meritorious basis for reversal.

---

[2]Counsel explains that while the circuit court also denied Williams's motion to dismiss based on a lack of evidence of his ability to pay, this point was rendered moot by the circuit court's ultimate finding of insufficient evidence to support a finding that Williams had willfully failed to pay.

In his pro se points, Williams reiterates the argument that his six-year sentence is unduly harsh given the relatively minor violation of his probation conditions. The State responds by noting the well-settled law stating that when a sentence is within the limits set by the legislature, an appellate court is not at liberty to reduce it, even if the court considers it unduly harsh. *Clark*, *supra*.

We hold that from our review of the record, the briefs, and the pro se points presented, counsel has complied with the requirements of *Anders* and Rule 4–3(b), and there is no merit to this appeal. Accordingly, we grant counsel's motion to withdraw and affirm Williams's conviction.

Affirmed; motion to withdraw granted.

THYER and MURPHY, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.