Cite as 2024 Ark. App. 518

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-24-61

| | | |
|---|---|---|
| STUART MORTON | | Opinion Delivered October 30, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-19-407] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE CHRIS THYER, JUDGE |
| | | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant Stuart Morton appeals the revocation of his suspended imposition of sentence ("SIS"). On November 21, 2019, Morton pleaded guilty in three separate cases. Specifically, in case number 16JCR-19-407—the case now on appeal—Morton pleaded guilty to first-degree forgery for which he was sentenced to 72 months' SIS. After a revocation hearing on July 12, 2023, the Craighead County Circuit Court found that Morton had inexcusably violated the conditions of his SIS and sentenced him to serve 120 months' imprisonment in the Arkansas Division of Correction. Morton now appeals, arguing that the circuit court erred by revoking his SIS and denying his motion for a continuance. We affirm.

The three cases that Morton pleaded guilty to are as follows: In case number 16JCR-19-549, Morton pleaded guilty to breaking or entering and possession of drug paraphernalia

and received 18 months' imprisonment in the Arkansas Division of Correction and 72 months' SIS, respectively. In case number, 16JCR-19-407, the case at issue in this appeal, Morton pleaded guilty to first-degree forgery and received 72 months' SIS. Last, in case number 16JCR-19-36, Morton pleaded guilty to theft of property and breaking or entering and received 72 months' SIS for both offenses.

As part of his plea, Morton agreed to abide by certain conditions—specifically, that he would not commit a criminal offense punishable by imprisonment. The sentencing order in case number 16JCR-19-407 was filed the next day. On April 11, 2022, Morton pleaded guilty to possession of a controlled substance in case number 16JCR-22-117 and received a sentence of five years' probation to be followed by ninety days' SIS. Just twelve days later, on April 23, 2022, officers conducted a probation search at Morton's home, and drug paraphernalia was found among his possessions.

Morton was arrested, and petitions to revoke his probation and SIS were filed in the foregoing cases, alleging that Morton had committed the offense of possession of drug paraphernalia. On April 3, 2023, an amended petition to revoke was filed, adding the allegation that Morton had committed the offense of third-degree domestic battering and contempt of court on June 26, 2022. The State also alleged Morton failed to report as directed and absconded from probation and that he had failed to pay his court costs and supervision fees.

Between his first appearance and the revocation hearing, Morton received three continuances, after which he failed to appear twice, and a warrant was issued for his arrest.

A hearing was held on the matter on July 12, 2023. At the beginning of his hearing, Morton moved for another continuance so he could show the circuit court he could live a law-abiding life. The motion was denied.

The following facts were adduced at the hearing. Investigator Wilburn Crews with the Jonesboro Police Department performed a probation search at Morton's residence on April 23, 2022. Morton led Crews to a room where he kept his belongings, and inside a dresser drawer with his clothes and socks, Crews found two glass pipes with residue. Morton then led Crews to the room where he slept, and Crews found a container with white residue in it. From his experience, Crews believed the items were used to ingest methamphetamine. Morton informed Crews that a woman was staying there, but Crews did not know where, and she was not present during the search.

Morton's father testified that Morton was doing well and that the paraphernalia must have been from his addiction months ago. He also testified that the dresser drawer was where Morton kept his clothes. Morton testified that anything found was from his "prior life." He did not deny that the paraphernalia was his, and he confessed that he had used methamphetamine even after his April 2022 arrest. When asked if his dad knew he was using drugs, Morton informed the circuit court that he was not using them "enough" for his dad to know.

The court then found that Morton had inexcusably violated the conditions of his SIS in case number 16JCR-19-407 and sentenced him to serve 120 months' imprisonment in the Arkansas Division of Correction. This timely appeal follows.

On appeal, Morton first argues that the circuit court erred by revoking his SIS because the State failed to show he possessed the paraphernalia found in his home and because his father's testimony of his sobriety was credible. We do not find merit in his argument.

A circuit court may revoke a defendant's SIS at any time prior to its expiration if the "court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension of sentence." Ark. Code. Ann. § 16-93-308(d) (Supp. 2021). Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of SIS. *Farris v. State*, 2024 Ark. App. 188, at 7, 686 S.W.3d 602, 608. The State has the burden of proving the defendant violated a condition of SIS; however, it is required to establish only one violation to sustain the revocation. *Id.* On appellate review, the circuit court's findings are upheld unless they are clearly against the preponderance of the evidence, and the appellate court defers to the circuit court's superior position to determine credibility and the weight to be accorded testimony. *E.g.*, *Baney v. State*, 2017 Ark. App. 20, at 2, 510 S.W.3d 799, 801.

Morton asserts that the evidence was insufficient to support a revocation because officers were told that another individual lived in the home, and his father's testimony that he was sober was credible. However, Morton never denied that the paraphernalia was his—in fact, he rationalized its existence in his dresser drawer by claiming it was from his "prior life," and he had not fully cleaned out his house. The paraphernalia was found in Morton's dresser drawer along with his socks and clothes. He led Crews specifically to the room, stating that is where he kept his belongings. He then led Crews to another room, stating that is

4

where he slept; there, Crews found a container with suspected methamphetamine residue in it. He also admitted to the court that he had used illegal substances, including methamphetamine, after his arrest. There was nothing to indicate that the paraphernalia belonged to anyone but Morton. His admissions, alone, were sufficient to support the revocation of his SIS. *E.g.*, *Farris*, 2024 Ark. App. 188, at 8, 686 S.W.3d at 7 (a defendant's admission to violating a condition, alone, is sufficient to support the revocation).

As for Morton's father testifying that he was maintaining sobriety, Morton admitted using drugs and stated he was not using them in a way his father would know. The circuit court was free to determine if his father was credible. We give due deference to the superior position of the circuit court to determine the credibility of the witnesses and the weight to be accorded their testimony. *See Pyle v. Sayers*, 344 Ark. 354, 39 S.W.3d 774 (2001). The State argues that regardless of the credibility determination, it had no bearing on the outcome of the case after Morton later made it clear that his father's testimony was not based on a full knowledge of the facts. We agree with the State that sufficient evidence was presented at the hearing to revoke Morton's SIS.

Morton next argues that the circuit court erred by denying his motion for a continuance. He argues that he requested a continuance so that he could have more time to show he could "remain clean" and be a "law-abiding citizen." We will not reverse a denial of a continuance motion absent an abuse of discretion. *Quijada v. State*, 2021 Ark. App. 321, at 4, 633 S.W.3d 797, 800. An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Id.* In order to warrant a reversal from the denial of the

5

continuance, an appellant must both demonstrate that the circuit court abused its discretion and also show prejudice that amounts to a denial of justice. *Id.*

Under these standards, Morton's argument has no merit. Morton fails to demonstrate how a continuance would have altered the outcome of his revocation because his potential for future success in his sobriety was not relevant to whether he had previously violated the conditions of his SIS. Additionally, Morton requested this continuance even though the State was ready to proceed, and the circuit court already had granted Morton three continuances prior to the hearing. During that time, Morton failed to appear at two court-ordered hearing dates, leading to the issuance of a warrant for his arrest. Morton has not shown that the court abused its discretion or that he was prejudiced in any way. Accordingly, we affirm.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: A. *Evangeline Bacon*, Ass't Att'y Gen., for appellee.